In the Matter of the Possession and Control of Joseph
E. Knight, Director of the Department of Fi-
nancial Institutions of the State of Illinois, of the
Chatham Bank of Chicago, Chicago, Illinois.
First Finance Company, an Illinois Corporation, Pe-
titioner-Appellant, v. Federal Deposit Insurance
Corporation, as Receiver of Chatham Bank of
Chicago, Respondent-Appellee.

Gen. No. 50,182.

First District, Second Division.

June 22, 1965.

Joseph L. Baime, of Chicago, for appellant.

Chapman and Cutler, of Chicago (John B. Huck and John B. Kemp, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

A summary decree was entered in favor of the receiver and against the stockholder on the latter's petition to be allowed a setoff against an indebtedness owed by the stockholder to the insolvent bank. The stockholder appeals.

In 1962, First Finance Company made a loan to Club Lucerne, Inc., taking as collateral security 120 shares of stock of the Chatham Bank of Chicago. Club Lucerne subsequently defaulted on its note, whereupon First Finance Company perfected title in itself to the 120 shares of stock. Sale of the stock was attempted by First Finance Company, but a buyer could not be found.

In June of 1963, First Finance Company borrowed $75,000 from the Chatham Bank, executing its promissory note therefor to the Bank. A short time later the Chatham Bank became insolvent and the Federal Deposit Insurance Corporation was appointed receiver. As against the $75,000 indebtedness owing to the Chatham Bank, First Finance Company paid the receiver $38,790.65 and was also allowed a setoff of $11,250, the latter representing an amount in a deposit

account with the Bank, leaving a balance of $24,959.35 owing to the Chatham Bank on the $75,000 note.

On December 30, 1963, First Finance Company filed the instant petition, wherein it claimed the right to set off the amount of $24,959.35 against the balance of the indebtedness due the Chatham Bank. The $24,959.35 figure was alleged to represent the damages suffered by First Finance Company when its 120 shares of Chatham Bank stock were rendered valueless because of the wrongful actions and mismanagement of the Chatham Bank's officers and directors. The petition alleged that the Chatham Bank was liable for these damages since it was responsible for the actions of its directors and officers.

The answer of the receiver admitted the allegations of the petition, except those relating to the financial dealings between First Finance Company and Club Lucerne and those relating to the right of setoff claimed by First Finance Company. It was specifically admitted by the receiver that the officers and directors of the Chatham Bank were guilty of the wrongdoing alleged in the petition.

The trial court took the matter on the pleadings, briefs and arguments of counsel, and on motion of the receiver entered summary judgment in its favor, and against First Finance Company on its cross-motion for a summary judgment.

First Finance Company maintains that, since the Chatham Bank is responsible for the acts of its officers and directors and since their wrongful acts injured the security of First Finance Company by impairing the value of its stock, First Finance Company has a right of action for damages against the Chatham Bank which it may use as a setoff against the balance of its indebtedness to the Bank on the $75,000 note. The receiver contends that the position taken by First Finance Company is nothing more than an attempt

by a stockholder to gain a preference in the settlement of the affairs of the Chatham Bank, by means of the contention that it has a personal right of action for damages against the Bank based on the wrongful actions of the officers and directors. The sole question here is whether First Finance Company has suffered such an injury which gives it a right of action against the Chatham Bank for the impairment of the value of the stock, which will serve as the basis for a setoff against the indebtedness owing to the Bank.

Arguments are raised by the First Finance Company which cannot be disputed: that a corporation acts through its officers and directors and is bound by their actions performed within the scope of their authority; that where these actions result in injury to third parties, the corporation may be held liable therefor; and that where a debtor of the corporation has a valid claim against the corporation it may be used as a setoff against a claim made by the corporation against the debtor. See Trust Company of Chicago v. Sutherland Hotel Co., 389 Ill 67, 58 NE2d 860; People ex rel. Nelson v. Waukegan State Bank, 283 Ill App 1. However, no authority has been cited or found to support the position that the wrongful acts of corporate officers and directors which impair the capital position of the corporation, to the indirect injury of the stockholders as a whole, give the stockholders an individual or personal right of action for damages against either the corporation or the officers and directors. See 19 Am Jur2d, Corporations §§ 524 to 538. On the contrary, the case of Murphy v. Candor, 263 Ill App 226, expressly holds that wrongful actions of the corporate officers and directors which injure the stockholders by impairing the capital position of the corporation give no right of action to the stockholders as individuals against the officers and directors for damages. The wrong done is to the corpo-

ration itself and consequently the corporation alone has the right of action against the officers and directors. Furthermore, a suit is presently pending against the officers and directors of the Chatham Bank, brought by the receiver for and on behalf of the Bank pursuant to Section 60 of the Illinois Banking Act. Ill Rev Stats 1961, chap 16½, Par 160. First Finance Company has not shown itself to have been injured in any capacity other than as a stockholder of the Chatham Bank and in common with its fellow stockholders.

The contention of the First Finance Company that its right of action exists against the Chatham Bank rather than against the Bank's officers and directors, is unavailing. This is no more than an attempt to do indirectly what cannot be done directly. As a stockholder in the Chatham Bank First Finance Company cannot step out of the corporation to recover damages against the officers and directors of the Bank. It is difficult to see how it has the right to step out and recover damages against the Chatham Bank itself. See Murphy v. Candor, 263 Ill App 226, and the cases cited therein.

Also unavailing is the contention that First Finance Company has suffered a unique injury because of the fact that the officers and directors of Chatham Bank either owned or controlled 98% of the Bank's stock at the time of their wrongdoing and the fact that they were engaged in active, rather than mere negligent, wrongdoing. Neither of these conditions caused injury to First Finance Company in other than its capacity as a stockholder suffered in common with its fellow stockholders.

Finally, were the position of First Finance Company to be accepted, that even though it has no right to recover damages from the officers and directors of the Chatham Bank, it has a right to recover from the

461

Bank itself because of the acts of the officers and directors, it would grant First Finance Company a preferential status as a stockholder contrary to well-established principles of law. By means of the setoff, First Finance Company would receive the benefit of the balance of the $75,000 note owing to the Chatham Bank in preference to not only its fellow stockholders, but also the creditors of the Bank. The decree is affirmed.

Decree affirmed.

BRYANT and LYONS, JJ., concur.