409 F.2d 1205
 Leon L. BUTLER, Victor M. Theis, James W. Sutton, Jr., and
Thomas A. Stansbury, Plaintiffs-Appellants,
v.
William J. PETTIGREW, James A. Lasater, David D. Woodbridge,
International Space Corporation, a Texas
Corporation, and International Space
Corporation, a Delaware
corporation,
Defendants-
Appellees.
 No. 17245.
 United States Court of Appeals Seventh Circuit.
 April 23, 1969.
 
 1
 Thomas A. Stansbury, Leonard Rose, Chicago, Ill., for plaintiffs-appellants.
 
 
 2
 Roy C. Palmer, Jerome Frazel, D. Kendall Griffith, Chicago, Ill., for defendants-appellees.
 
 
 3
 Before FAIRCHILD and KERNER, Circuit Judges, and HOLDER, District judge.[1]
 
 
 4
 HOLDER, District Judge.
 
 
 5
 The appeal by the plaintiffs is from an adverse judgment rendered after a bench trial. Error is claimed as to the court's finding that plaintiffs failed to prove the essential element of their reliance upon defendants' alleged misrepresentations in the sale of corporate stock in a common law fraud and deceit action. We affirm the finding and judgment.
 
 
 6
 The one count complaint contains allegations of alleged misconduct and mismanagement of defendant, International Space Corporation, a Texas corporation, by the individual defendants as officers, directors and stockholders which are alleged injuries to the corporation. The prayer contains many claims of alternative relief peculiar to the attempted derivative claim of the corporation. No error is claimed in the court's ruling that the individual plaintiffs, as minority stockholders could not maintain the derivative action because they failed to comply with Rule 23.1, Federal Rules of Civil Procedure; and In Re Possession and Control of Knight, 60 Ill.App.2d 457, 460, 208 N.E.2d 679 (1965).
 
 
 7
 The trial court treated the one count complaint as if it stated four separate causes of action for common law fraud and deceit, one in favor of each plaintiff. The complaint alleges that on or about January 1, 1965 the individual defendants as officers and directors of the Texas corporation offered to sell stock in the corporation to the plaintiffs. They represented that the corporation was a going concern, in satisfactory condition, and solvent with assets in excess of its liabilities; that it expected to receive continuing contracts from the National Aeronautics and Space Agency for the lease of VLF and ELF detection equipment for which the defendants had issued 80,000 shares to themselves at a valuation of $2.00 per share; that they could perfect in approximately a year's time a geological surveying instrument based upon the VLF and ELF detection equipment which could have substantial commercial value; that the investment was a good investment; and that the good faith of the individual defendants could be relied upon. The plaintiffs further claim that such offer and representations were made by the individual defendants with the intent to deceive and defraud plaintiffs and to induce them to buy such stock. The plaintiffs also asserted the representations were false and were known to be false by the defendants when made. The plaintiffs claim they believed and relied upon such representations and purchased the stock.
 
 
 8
 We have considered whether the district court had jurisdiction to decide this diversity action on its merits, because of the question whether any matter in controversy herein exceeds the sum or value of $10,000. The complaint so clearly failed to fulfill the requirement of Rule 23.1 that it is questionable whether the averment as to the amount in controversy can be given any recognition at all. Viewing the complaint, as the trial court did, as including four causes of action for fraud, there is no suggestion that compensatory damages could have exceeded the purchase price paid by each plaintiff, $2,000 for Butler, $1,000 for Theis, $1,000 for Sutton, and $2,000 for Stansbury.
 
 
 9
 In a motion for summary judgment, plaintiffs asserted the right to recover an aggregate of $75,000 exemplary damages, and the district court, in an order setting the case for trial mentioned the claim for both actual and exemplary damages. The order is deemed, in substance, an amendment of the complaint, showing a sufficient amount in controversy. On that theory we have considered the appeal on the merits.
 
 
 10
 The only evidence was offered by the plaintiffs and consisted of the admissions in the pleadings, the defendants' answers to the plaintiffs' interrogatories and defendants' admissions from the unanswered plaintiffs' requests for admissions. We agree with the trial judge that the record is completely barren of any evidence from which it can be inferred that the plaintiffs relied upon the alleged false representations of the defendants. The failure of plaintiffs to prove this essential element in their fraud and deceit action is fatal to their right to recover. Allen v. Straus et al., 285 Ill.App. 188, 1 N.E.2d 878; and Michuda v. Sanitary District of Chicago, 305 Ill.App. 314, 27 N.E.2d 582. It follows that plaintiffs are not entitled to any item of the sought for relief.
 
 
 11
 Next the plaintiffs urge the vacation of the judgment and granting the plaintiffs a new trial solely for the introduction of evidence on the issue of reliance. It is obvious from the nature of the element of reliance to plaintiffs; claims that plaintiffs could hardly assert such evidence as newly discovered. They have wholly failed to make any showing to the trial court or on appeal of any excusable neglect accounting for their failure to present evidence tending to prove the element of reliance. We reject this claimed error. Volume 6A Moore's Federal Practice (Second Edition) Section 59.08(3) Page 3785 Notes 12 and 13; and Rule 60, Federal Rules of Civil Procedure.
 
 
 12
 Plaintiffs argue that the trial court erred in denying their two motions for summary judgment. In both instances, however, plaintiffs failed to show that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law.
 
 
 13
 The plaintiffs claim that the court erred in failing to grant their motion for judgment. The motion was based upon the defendants' failure to answer their interrogatories. Defendants answered the interrogatories before trial but plaintiffs claim that they did not fully answer the questions propounded. Plaintiffs made no request of the court prior to trial to require defendants to fully answer or for any sanctions against defendants for their alleged neglect under Rule 37(b), (d) of the Federal Rules of Civil Procedure. Plaintiffs request was first presented to the trial court after the trial and the entry of judgment on the merits of the action. We think plaintiffs by their own inaction waived the rights under these circumstances. Furthermore, there is little reason to suppose that plaintiffs' failure to prove reliance was caused by insufficiency of the defendants' answers to the plaintiffs' interrogatories of record.
 
 
 14
 Affirmed.
 
 
 
 [1]
 District Judge from the United States District Court for the Southern District of Indiana is a member of the panel by designation of the United States Court of Appeals for the Seventh Circuit