F. Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

AIRPAX ELECTRONICS, INC., Defendant-Appellee.

No. 77–1425.

United States Court of Appeals, Fifth Circuit.

May 23, 1979.

Bobbye D. Spears, U. S. Dept. of Labor, Atlanta, Ga., Carin A. Clauss, Associated Sol., Carl W. Gerig, Jr., Lois G. Williams, Ouida C. Prevost, Thomas Allen, Atty., U. S. Dept. of Labor, Washington, D. C., for plaintiff-appellant.

Ronald FitzGerald, Peggy J. Tribbett, Fort Lauderdale, Fla., Robert V. Schnabel, Washington, D. C., for defendant-appellee.

Before THORNBERRY, CLARK and RONEY, Circuit Judges.

PER CURIAM:

The Secretary of Labor brought this action pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 621 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C.A. § 201 *et seq.*, to enjoin Airpax Electronics, Inc. from engaging in unlawful age discrimination in employment and to secure back wages and an offer of employment for Helen Neshick and Elenora Tam.

Following trial the district court held that Ms. Tam had been unlawfully discriminated against because of her age and was entitled to back wages. Regarding Ms. Neshick the district court ruled she was not entitled to relief because there was no vacancy in the position she sought at the time the alleged discriminatory refusal to hire occurred. In addition the district court determined there was insufficient evidence of noncompliance with age discrimination laws to warrant issuance of an injunction against possible future violations. This appeal is from the district court's denial of relief to

Ms. Neshick and its refusal to issue an injunction. We affirm.

The events leading up to this litigation began in 1974 when defendant Airpax sought to fill a vacant executive secretary position. At that time Elenora Tam, age 45, Helen Neshick, age 47, and Judith Miller, age 32, applied for the position. Airpax accepted Ms. Miller for the position after Ms. Tam was considered but before Ms. Neshick was interviewed. Following her rejection Ms. Neshick filed a complaint of age discrimination with the Florida State Employment Service. After conciliation and compromise attempts proved unsuccessful, this litigation commenced.

At trial Helen Neshick testified that during her interview for a job as an executive secretary, the personnel administrator at Airpax told her she was "too old" for the position. This was denied. The personnel administrator admitted, however, to discussing during the interview the difficulties Ms. Neshick might confront in locating a job because of her age. Evidence of notations of "too old" made on Ms. Neshick's application by Airpax personnel was also presented. Nonetheless Airpax contended that Judith Miller, who had been interviewed earlier during the day of Ms. Neshick's interview, had been hired by the time Ms. Neshick was interviewed. Hence, the vacancy had been filled, and no job was available when Ms. Neshick came to the company seeking employment as executive secretary.

This is a very narrow case. At oral argument the Government expressly conceded that there was no executive secretary vacancy at the time Airpax interviewed Ms. Neshick. As defined in the complaint and conceded by the Government, this case is limited to the alleged discrimination which occurred on the day Ms. Neshick was interviewed at Airpax, and does not extend to whether Airpax is liable for any discrimination against Ms. Neshick with regard to subsequent executive secretary vacancies. No attempt was made to try such a case to the district court. The Age Discrimination in Employment Act, 29 U.S.C.A. § 623 provides in part:

(a) It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

This Court has ruled that, while not establishing an "immutable definition," the standards set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a racial discrimination in employment case, are applicable in determining whether a *prima facie* case of age discrimination has been established. *Marshall v. Goodyear Tire & Rubber Co.,* 554 F.2d 730, 735 (5th Cir. 1977); *Price v. Maryland Casualty Co.,* 561 F.2d 609, 612 (5th Cir. 1977).

In *McDonnell Douglas, supra* 411 U.S. at 802, 93 S.Ct. at 1824, the Supreme Court instructed that a rejected job applicant in a nonclass action case show

(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

Although it is undisputed that after Ms. Neshick was denied the position, it clearly appears that there was no job opening at the time of the interview and, of course, the position did not remain open because it had been previously filled. The Government never attempted to prove that Ms. Neshick was qualified for the position she was seeking. Thus the Government could not show that age was a determining factor in Ms. Neshick's failure to get the job. *See Mastie v. Great Lakes Steel Corp.,* 424 F.Supp. 1299, 1307–1308, 1321–1322 (E.D.Mich.1976).

 The contention of the Government that this Court should order relief for Ms. Neshick even if no vacancy existed at the precise moment of application is erroneous.

The racial discrimination in employment cases relied on by the Government do not support such a proposition. *See, e. g., Swint v. Pullman Standard,* 539 F.2d 77 (5th Cir. 1976); *Pettway v. American Cast Iron Pipe Co.,* 494 F.2d 211 (5th Cir. 1974); *United States v. Georgia Power Co.,* 474 F.2d 906 (5th Cir. 1973); *Patterson v. American Tobacco Co.,* 535 F.2d 257 (4th Cir. 1976); *Lea v. Cone Mills Corp.,* 438 F.2d 86 (4th Cir. 1971). Indeed this Court in *Swint v. Pullman Standard, supra* at 103, instructed that

> A finding of no vacancies in these departments would support a conclusion that no entitlement to backpay existed, as would a finding that all vacancies were filled by more senior discriminatees.

The cases relied on by the Government involved class actions which differ fundamentally from the cause of action asserted here.

■ On review the record demonstrates the district court did not abuse its discretion when it refused to issue an injunction against Airpax. *Cf. Marshall v. Goodyear Tire & Rubber Co.,* 554 F.2d 730, 733 (5th Cir. 1977); *Hodgson v. First Federal Savings & Loan Ass'n of Broward County, Florida,* 455 F.2d 818 (5th Cir. 1972); *Wirtz v. Atlas Roofing Manufacturing Co.,* 377 F.2d 112, 116 (5th Cir. 1967). Facts relevant to the injunctive relief include the testimony of the Department of Labor compliance officer who testified that his review of job applications at Airpax covering a one-year period did not disclose violations of the Age Discrimination in Employment Act, other than the cases involving Ms. Tam and Ms. Neshick. The record shows Airpax has, since 1974, implemented an affirmative action program devised in consultation with Government officials and reviewed annually by the Government with favorable results.

The Government's compliance officer testified he was satisfied as to the company's general compliance with age discrimination laws. The Age Discrimination in Employment Act protects only those persons between the ages of 40 and 65. 29 U.S.C.A. § 631. From 1974, when Ms. Neshick first complained of age discrimination, to 1976, when trial was held, the number of employees at Airpax in the protected age group grew from 46 to 78, comprising more than half its work force. Moreover Airpax's affirmative action program had received favorable annual reviews from the Government officials from 1974 until the time of trial. The district court's determination that there was no need for injunctive relief is amply supported by the record.

AFFIRMED.