**John F. McCUEN, Plaintiff–Appellant,**

v.

**HOME INSURANCE COMPANY, a New Hampshire Corporation, and Home Indemnity Company, a New Hampshire Corporation, Defendants–Appellees.**

**No. 80–5109**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Jan. 5, 1981.

Charles K. George, Miami, Fla., for plaintiff–appellant.

Mershon, Sawyer, Johnston, Dunwody & Cole, Aubrey V. Kendall, Jeffrey R. Surlas, Miami, Fla., Kelley, Drye & Warren, Eugene T. D'Ablemont, Paul L. Bressan, New York City, for defendants–appellees.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Plaintiff appeals from summary judgment in this age discrimination case. We hold that under the facts in this case plaintiff, who was discharged, was not required to show he was replaced by someone in the nonprotected group in order to assert a claim under the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621–634 (1967) (ADEA). We reverse and remand for further proceedings.

Defendant Home Insurance Company hired plaintiff in 1962 at its New York headquarters when plaintiff was 44 years old. From 1962 to 1971, plaintiff received several raises and promotions. In 1971, at

plaintiff's request, defendant transferred plaintiff to Coral Gables, Florida, and assigned him the position of "claims superintendent."

In 1978, pursuant to a company–wide reduction in force, plaintiff, who was then 61 years old, was fired. At the time, two "claims supervisors" worked in the office, one in his mid–forties and the other in her mid–fifties. The parties are in disagreement as to whether there is any meaningful distinction between the positions of claims superintendent and claims supervisor. Plaintiff's former position as claim superintendent was never refilled.

Following his layoff, plaintiff filed this ADEA action alleging that he was discharged because of his age. In particular, plaintiff contended that age was the reason he, rather than one of the claims supervisors, was fired.

Defendant moved for summary judgment on several grounds: (1) plaintiff's position was economically unjustifiable and its elimination was pursuant to a company–wide reduction in force; (2) the two positions, claims supervisor and claims superintendent, were different and there was an established age–neutral company policy against allowing employees being terminated to "bump" employees in different jobs; (3) even if the two positions were substantially equal, the persons plaintiff claims should have been dismissed were within the class of persons protected by ADEA and therefore plaintiff had not made a prima facie showing under *Price v. Maryland Casualty Co.*, 561 F.2d 609 (5th Cir. 1977); and (4) the defendant had a bona fide business reason for retaining the youngest claims supervisor, *i. e.*, his experience in handling workmen's compensation cases.

The district court granted the motion for summary judgment on the ground that plaintiff had not shown a prima facie case of age discrimination under *Price v. Maryland Casualty Co.* because he was unable to show that he was replaced by a person outside the protected class. As the court said:

> The position held by the plaintiff was abolished and was not filled by a new

employee. Furthermore, the other employee whom plaintiff claims should have been discharged rather than himself is also a member of the protected class.

We held in *Price v. Maryland Casualty Co.*, 561 F.2d at 612, that an ADEA plaintiff shows a prima facie case when he demonstrates that "(1) he was a member of the protected group, (2) he was discharged, (3) he was replaced with a person outside the protected group, and (4) he was qualified to do the job." These standards were adopted from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a Title VII case, in *Marshall v. Goodyear Tire & Rubber Co.*, 554 F.2d 730 (5th Cir. 1977).

The failure to meet these standards, however, does not foreclose a plaintiff from showing discrimination. We observed in *Marshall*:

> *McDonnell Douglas* does not establish an immutable definition of a prima facie case. The phrase simply refers to evidence sufficient for a finding in plaintiff's favor unless rebutted . . . . The Court recognized that principle in *McDonnell Douglas*, for it noted that "[t]he facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required . . . is not necessarily applicable in every respect to differing factual situations." 411 U.S. at 802 n. 13, 93 S.Ct. at 1824 n. 13, 36 L.Ed.2d at 677 n. 13.

554 F.2d at 735.

Title 29 U.S.C.A. § 623(a)(1) makes it unlawful for an employer "to discharge any individual . . . because of such individual's age." Interpreting the statute so as to limit its protection to those instances when a covered employee is replaced by a noncovered employee would permit an employer to fire a 69–year–old employee solely because of his age and replace him with a 40–year–old. It would also afford no protection against discrimination on the basis of age when a work force is being reduced. While failure to show that he was replaced by a noncovered employee prevents a covered employee from making a *McDonnell Douglas*–type prima facie showing, he may still

recover under the Act if he can demonstrate the decision to discharge him was because of his age. In a reduction of force situation, it would appear to be a violation of the ADEA to let age be the determinative factor in deciding who will go.

Because the case was decided on summary judgment on the basis of *Price v. Maryland Casualty Co.*, there was no determination made by the district court as to whether plaintiff was in fact discharged because of his age. Although the facts in *Price v. Maryland Casualty Co.*, are strikingly similar on their face to those here, the appeal there followed a full trial in which the court specifically found that the insurance company's decision to terminate its employee was not motivated by age considerations. We reverse the grant of summary judgment and remand to the district court for further consideration. We express no view as to the proper outcome of this case on remand.

REVERSED AND REMANDED.