842 F.2d 331
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry KAST, et al., Plaintiffs-Appellants,
v.
FULTON INDUSTRIES, INC., Defendant-Appellee.
 No. 86-4104.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1988.
 
 Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and, McRAE*, District Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs Harry Kast, Daniel Smith, Rodney Harmon, and Lucille Wood, sued their employer, defendant Fulton Industries, Inc., alleging that defendant terminated their employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 621 et seq. The district court first ordered Wood dismissed from the case, and no appeal was taken from that action. Plaintiffs later filed an amended complaint alleging that they had been wrongfully terminated in violation of state law, specifically arguing that defendant Fulton violated an implied in fact employment contract and the principles of promissory estoppel; violated the covenants of good faith and fair dealings; and violated public policy of the State of Ohio which prohibits age discrimination in employment. The district court granted defendant Fulton's motion for summary judgment on all claims and plaintiffs have appealed from this disposition.
 
 
 2
 The following facts are set out by the district court:
 
 
 3
 Fulton Industries, Inc., (Fulton) began business in Wauseon, Ohio in May, 1979 when it purchased the assets of the Fulton Manufacturing Division of Chromalloy America. Plaintiffs were among the Chromalloy employees hired by Fulton Industries.
 
 
 4
 In late 1980, Fulton Industries secured a building adjacent to the stamping and plating operation and transferred the flashlight operation to what is now the company's sole location. Prior to this move, the operations had been at separate locations in Wauseon, Ohio.
 
 
 5
 The consolidation of the stamping and plating and flashlight operations into one location resulted in duplication of efforts. Further, the company was adversely impacted by the economic situation in the fall, 1981. On December 4, 1981, Fulton Industries laid off eleven salaried employees and almost all of its 160 hourly employees. The company had never before engaged in such a massive layoff. Smith, Harmon, and Kast were three of the eleven salaried employees laid off.
 
 
 6
 Smith was born on July 29, 1934, and was forty-seven years of age at the date of layoff. Smith was employed by Chromalloy America, Inc., in October, 1974. Thereafter, he was employed by Fulton in 1979 when it bought the division. Smith was a cost estimator with Fulton. His job involved working with Hal Stine, an engineer, to work up part and product costs from blueprints provided by Paul Bliss, engineering manager.
 
 
 7
 Harmon was born on November 25, 1938, and was forty-three years of age when laid off. He was initially employed in March, 1957. Subsequently, in 1979 he was employed by Fulton. At layoff, Harmon was a shipping expeditor under the supervision of Richard Volk, company president.
 
 
 8
 Kast was born on September 8, 1936, and was forty-five years old at the time of his layoff. He joined Fulton in 1979 after working for Chromalloy since November, 1957. At the time of his layoff, Kast was a shipping and receiving supervisor.
 
 
 9
 The decision to layoff and recall Fulton's employees, including plaintiffs, was made by Volk, Richard N. Chaney, Richard H. MacCleod and William Yeack. All four individuals were officers and stockholders of Fulton. Because of the economic situation facing the company, a decision to layoff Fulton's employees was made. With regard to salaried employees, the question as to who would be laid off was determined by the company's need for that employee. In other words, which employee was absolutely necessary for the continued operation of the company. Thus, the entire salary staff was reviewed and evaluated.
 
 
 10
 Gradually personnel were recalled to work. With regard to salaried personnel, five of the eleven laid off employees were not recalled: Harmon, Kast, Smith, Lucille Wood and Florence Wentz. As previously stated, at the time of layoff Kast was a supervisor in the shipping and receiving area; Harmon was a shipping expeditor, and Smith was a cost estimator. The record reveals that Harmon and Kast's responsibilities were consolidated and assigned to Don Durham, who is older than either of these two individuals. Durham had performed the function of these two jobs previously when he had been shipping manager. Smith's responsibility for cost estimating was transferred from engineering to Volk's office. Volk performed the task with the assistance of Mary Marvin, his personal assistant.
 
 
 11
 The district court found after a review of the entire record that plaintiffs failed to establish a prima facie case of age discrimination. The court found, in essence, that plaintiffs focused on seniority rather than age discrimination and cited deposition testimony to that effect. He also summarized pertinent testimony of the other plaintiffs indicating that the basic complaint related to seniority. Thus, the court found that none of the plaintiffs established that age was a motivating factor in the layoff or the recall decisions, citing, among other authorities, Reilly v. Friedman's Express, Inc., 556 F.Supp. 618, 623 (M.D.Pa.1983) and Williams v. General Motors Corp., 656 F.2d 120, 129 n. 13 (5th Cir.1981), cert. denied, 455 U.S. 943 (1982). We will discuss authority from this circuit dealing with the issues presented in this controversy. The district court found, moreover, that plaintiffs did not allege discriminatory treatment prior to layoff, and that plaintiffs' indirect, circumstantial or statistical evidence did not raise a substantial question of age discrimination. Finally, the district court held that even if a prima facie case were established, Fulton legitimately laid off plaintiffs due to business reasons, and that plaintiffs' positions were consolidated with and into other positions, and that defendant's actions were not based on age considerations.
 
 
 12
 Plaintiffs argue that they satisfy the criteria of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), although they concede that these standards are not rigidly applied in ADEA cases in this circuit. The plaintiffs contend that: (1) they are in the protected age group; (2) they were qualified for their positions; (3) they were adversely affected (laid off and not recalled); and (4) younger persons with similar qualifications were sought to perform their work.
 
 
 13
 Plaintiffs must produce "rationally probative evidence" that presents a reasonable or substantial probability that age was a determining factor in Fulton's decision. See Lovelace v. Sherwin-Williams Co., 681 F.2d 230 (4th Cir.1982); Merkel v. Scovill, Inc., 787 F.2d 174, 179 (6th Cir.), cert. denied, 107 S.Ct. 585 (1986). See also Dabrowski v. Warner-Lambert Co., 815 F.2d 1076 (6th Cir.1987), and LaGrant v. Gulf & Western Mfg. Co., 748 F.2d 1087, 1091 (6th Cir.1984). We find no error in the district court's conclusion that plaintiffs failed in this case to produce such evidence.
 
 
 14
 Age discrimination is not equivalent to a violation of seniority rights. Plaintiffs' good work performance or seniority rights are irrelevant if the layoffs in question were economically motivated or made for some legitimate business purpose rather than by reason of age. Plaintiffs' testimony indicates that they have confused their age discrimination claim with seniority rights. Kast's testimony, for example, shows his belief that anyone with less accumulated combined time of employment with the company and its predecessor companies, regardless of their job, is less qualified than he, and that this evidences age discrimination. One person cited by Kast as evidencing age discrimination by reason of her promotion to supervisor, Joan Green, was actually older than Kast. Two of the recalled people cited by Smith, Chaney and Roe, were recalled to jobs in which they clearly had more experience than Smith.
 
 
 15
 The evidence presented by Mr. Dabrowski shows little more than that Warner-Lambert hired people younger than Mr. Dabrowski for the positions he wanted. This court has long recognized that the mere fact that a younger employee or applicant receives better treatment than an older one is insufficient to carry the burden of proof in a case under the federal Age Discrimination in Employment Act.
 
 
 16
 Dabrowski, 815 F.2d at 1078.
 
 
 17
 The Dabrowski court evaluated plaintiff's claim under the Michigan Elliott-Larsen Civil Rights Act and found insufficient evidence of age discrimination where the plaintiff was forced to take a temporary position due to an economically induced plant closure and then was turned down for five positions with the company while three much younger applicants were chosen for the jobs.
 
 
 18
 Blackwell v. Sun Electric Corp., 696 F.2d 1176 (6th Cir.1983) set out the standard of proof required in age discrimination claims. We will review ADEA claims on a case by case basis and will not rigidly adhere to the McDonnell-Douglas factors. Although there may be more than one factor apparent in the decision to discharge, age must be a "determining factor" in an employment decision in order to warrant a finding of discrimination under the ADEA. Plaintiff has the ultimate burden of establishing discrimination. 696 F.2d at 1181-82. If "there were bona fide business or economic reasons for the discharge, ... then the employer is not liable to the plaintiff." 696 F.2d at 1182.
 
 
 19
 Likewise, in Sahadi v. Reynolds Chemical, 636 F.2d 1116 (6th Cir.1980), the court found that no age discrimination occurred where a 51 year old employee was terminated due to economic reasons and his job was taken over by a younger employee in combination with other duties. We rejected plaintiff's contention that the court should find a prima facie case "where it is shown that an employee terminated during an economic cutback can establish that a younger person was retained in a position which plaintiff is capable of performing, and would have been willing to relocate to perform that job." 636 F.2d at 1118. See also, Laugesen v. Anaconda Co., 510 F.2d 307, 313 n. 4 (6th Cir.1975) (Congress did not intend automatic presumptions to apply whenever a worker is replaced by another of a different age).
 
 
 20
 Generally an ADEA plaintiff who has been terminated amidst a corporate reorganization carries a greater burden of supporting charges of discrimination than an employee who was not terminated for similar reasons. To meet his ultimate burden of demonstrating that he was a victim of age discrimination, the plaintiff, in addition to proving that he fell within the protected class, that he was terminated and that he was replaced by a younger individual, must come forward with additional direct, circumstantial, or statistical evidence that age was a determining factor in his termination. See, e.g., LaGrant v. Gulf & Western Manufacturing Co., Inc., 748 F.2d 1087 (6th Cir.1984).
 
 
 21
 Ridenour v. Lawson Co., 791 F.2d at 57. There is undisputed evidence that defendant was undergoing a reorganization and change resulting in a reduced workforce to avoid duplication regardless of whether or not it was undergoing imminent financial distress.
 
 
 22
 Perhaps the most applicable precedent for the summary judgment action taken by the district court is LaGrant v. Gulf & Western Mfg. Co., 748 F.2d 1087 (6th Cir.1984). Here defendant was involved in consolidation and layoffs due to adverse economic conditions. These circumstances were akin to that of the reorganization and reduction in force in LaGrant, which stated:
 
 
 23
 The mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a prima facie case of age discrimination. Sahadi, 636 F.2d at 1118 (citing Price v. Maryland Casualty Co., 561 F.2d 609 (5th Cir.1977); Marshall v. Goodyear Tire & Rubber Co., 554 F.2d 730 (5th Cir.1977)). See also Williams v. General Motors Corp., 656 F.2d 120 (5th Cir.1981), cert. denied, 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982).
 
 
 24
 The plaintiff in such reorganization cases must come forward with additional direct, circumstantial, or statistical evidence that age was a factor in his termination in order to establish a prima facie case. Williams, 656 F.2d at 129.
 
 
 25
 748 F.2d at 1090, 1091.
 
 
 26
 Plaintiffs' proof undeniably emphasizes seniority, and their viewpoint that defendant should be liable if it hired employees with less seniority than they. Harmon expressly equates seniority with qualifications claiming that "the word 'seniority' means to me not only length of service, but experience and qualification. The longer the service that someone has in a particular business would be an indication of his knowledge of the process and procedures used in a certain industry." Kast and Smith evidence the same viewpoint.[1] Kast, Smith, and Harmon all testified that they had no employment contract. Kast acknowledged that defendant experienced an economic downturn by stating, "Well, I definitely thought that I would be recalled when economic conditions got better, yes." (J/A 598.)
 
 
 27
 We find no error in the district court's judgment after review of the exhibits and testimony, that plaintiffs failed to make a prima facie showing of age as a causative factor in their layoff and in the company's decision not to recall them. Defendant combined plaintiffs' positions with others in its reorganization and had no legal obligation to supply plaintiffs with new replacement jobs since they were at-will employees. In sum, we conclude that the district court's summary judgment decision was not erroneous in respect to the ADEA claim.
 
 
 28
 Plaintiffs argue that the company's unwritten progressive discipline policy modified the at-will-employment relationship to preclude summary judgment. They also argue that promissory estoppel applies. See Mers v. Dispatch Printing Co., 19 Ohio St.3d 100, 483 N.E.2d 150 (1985); Jones v. Community Mental Health, Inc., 19 Ohio App.3d 19, 482 N.E.2d 696 (1984). Plaintiffs further seek application of a public policy exception to the employment-at-will doctrine for the alleged age discrimination in this case.
 
 
 29
 We find no error in the district court's conclusion that plaintiffs' employment was terminable at will as evidenced by plaintiff's testimony that no representations were made regarding terms of employment pertaining to terminations, layoffs, seniority and recalls. The Ohio Supreme Court has not yet recognized an exception here claimed of public policy to the employment-at-will doctrine. See Phung v. Waste Management, Inc., 23 Ohio St.3d 100, 102, 491 N.E.2d 1114 (1986).
 
 
 30
 All three plaintiffs did expressly testify that there were no written policies nor was there a written employment contract. They admitted that no representations were made that they would ever be recalled. Based upon the lack of proof of an implied or express employment contract or any misrepresentation about recall, we conclude for the reasons stated by the district court that none of plaintiffs' pendant state law claims are meritorious.
 
 
 31
 Accordingly, we AFFIRM the decision of the district court in all respects.
 
 
 
 *
 THE HONORABLE ROBERT M. McRAE, United States District Court for the Western District of Tennessee, sitting by designation
 
 
 [1]
 Kast states in his deposition testimony "[a]nybody 45 or 46 or 47 years of age has got to be less qualified unless they had special training for a particular job, which I wouldn't know...."