**Clayton Earl MITCHELL, Sr.,
Plaintiff–Appellant,**

v.

**WORLDWIDE UNDERWRITERS IN-
SURANCE COMPANY, a/k/a and a
part of Worldwide Underwriters Insur-
ance Group and Worldwide Insurance
Group, Defendant–Appellee.**

No. 91–8737.

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1992.

---

C. Sam Thomas, P.C., Timothy J. Burson, Bovis, Kyle & Burch, Atlanta, Ga., for plaintiff-appellant.

Michael D. Kaufman, Robert H. Buckler, Alston & Bird, Atlanta, Ga., for defendant-appellee.

Before KRAVITCH and DUBINA, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

We here hold that a prima facie case for age discrimination is not established under the *McDonnell Douglas* test so as to avoid summary judgment for the employer when the terminated employee shows his work has been assigned to an independent contractor corporation, even though that corporation employs younger employees to do the work. Not having been replaced by an *employee* outside the protected age group, the plaintiff failed to meet that requirement of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Following the reduction-in-force alternative set forth in *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir.1989), *cert. dismissed*, 493 U.S. 1064, 110 S.Ct. 884, 107 L.Ed.2d 1012 (1990), however, we perceive

an issue of fact in this case as to whether there was another position open for which the plaintiff was qualified. We therefore vacate the summary judgment entered by the district court for the employer and remand for further proceedings.

Clayton Earl Mitchell was a 52–year–old senior field staff appraiser with Worldwide Underwriters Insurance Company when he was terminated on June 14, 1988. In 1987, Worldwide had been acquired by Capital Holding Corporation. After the acquisition, the Company decided to evaluate the cost effectiveness of each field staff appraiser. Allan T. Gray, Director of Technical Support, conducted the appraisals. Mitchell was evaluated and then terminated in 1988.

Alleging that he was terminated because of his age, Mitchell filed an action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA). The Company denied the allegation, contending that Mitchell was terminated because it was more cost effective to eliminate his position and assign the appraisals in his area to an outside independent contractor, Blocker and Associates, Inc. The district court granted summary judgment for the Company, holding that Mitchell had not established a prima facie case. Mitchell appeals.

This Circuit has adopted a variation of the test set out for Title VII claims in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for cases under the ADEA. *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir.1989). Under this variation of the *McDonnell Douglas* test for establishing a prima facie case of discrimination, the plaintiff must show that he (1) was a member of the protected group of persons between the ages of 40 and 70, (2) was subject to adverse employment action, (3) was replaced with a person outside the protected group, and (4) was qualified to do the job. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir.1989), *cert. dismissed*, 493 U.S. 1064, 110 S.Ct. 884, 107 L.Ed.2d 1012 (1990). Although Mitchell established three parts of this test,

he did not show he was replaced by an employee of his company outside the protected age group, but rather contends the test is met because he was replaced by a corporation under 40 years of age and one that employs appraisers under 40 years of age. The parties have not cited, and we have not located, any cases holding that such assignment of work to an outside corporation is sufficient for a prima facie case. The district court correctly held this showing did not meet the requirements for establishing a prima facie case of age discrimination.

The *McDonnell Douglas* requirements are useful to test whether an employer treated older employees differently from younger employees. The discrimination against one employee in favor of another on the basis of age is the target of the inquiry. "Proof of discriminatory intent is an essential element of [a] prima facie case under a disparate treatment theory, although intent can in some situations be inferred from the mere fact of differences in treatment." *Giles v. Ireland*, 742 F.2d 1366, 1374 (11th Cir.1984).

■ Although the prima facie criteria of the *McDonnell Douglas* test are not intended to be rigidly required, "[a] prima facie case may be established only when there is a basis for inferring that discrimination is the reason for the employment decision...." *Pace v. Southern Ry. System*, 701 F.2d 1383, 1390 (11th Cir.), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983). Here Mitchell does not establish that he was replaced by a younger employee of his company. Under such circumstances, it is not reasonable to infer that Mitchell's older age was a factor in the employment decision. *See Carter*, 870 F.2d at 583–84 & n. 14. This is not a case of an older employee being replaced by a subsidiary of the company which filled the position with a younger employee. *Cf. Price v. Maryland Casualty Co.*, 561 F.2d 609, 612 (5th Cir.1977) ("Even if one argued that [two other employees] collectively replaced [the plaintiff], in that they took over his duties, both were within the protected age group."). The fact that Mitchell's al-

leged replacement is an outside corporation under 40 years old or an outside corporation with some workers under age 40 is simply not enough, standing alone, to give rise to an inference of discrimination. *Cf. Pace*, 701 F.2d at 1390. The essence of a prima facie showing is that from the facts, without more, "an ordinary person could reasonably infer discrimination if the facts presented remain unrebutted." *Carter*, 870 F.2d at 583.

Since the Company's replacement of Mitchell with a corporation does not, in and of itself, make out a prima facie case, Mitchell must establish his prima facie case by showing something more than he would otherwise have to show if he were replaced by an employee outside the protected class.

Mitchell claims there is evidence that during the Company's evaluation of the cost effectiveness of Mitchell's position from January to June 1988, the Company limited his territory and mistakenly assigned appraisals to Blocker, Inc. Mitchell argues that without this mistake his position would have been cost effective. The Company responds that there is no proof that it intended to misdirect the appraisals, the mistake was corrected, and Mitchell still was not cost effective.

■ Such an argument does not avail Mitchell in any event. Even if the Company was wrong on its cost effective determination, if that was the reason for the employment action, its error in that determination would not be a basis for claiming age discrimination. *See Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir.1984) ("The employer may fire an employee for ... a reason based on erroneous facts, or for no reason at all, as long as his action is not for a discriminatory reason.").

■ Where a position is eliminated, the case is similar to a reduction-in-force case where a prima facie case may be established (1) by demonstrating that he was in a protected age group and was discharged, (2) by showing that he was qualified for another position at the time of discharge, and (3) by producing circumstantial or direct evidence by which a factfinder might

reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision not to place him in that other position. *Verbraeken*, 881 F.2d at 1045–46.

In addressing this issue, the district court held that Mitchell had not established that there were other positions available at the time he was terminated. The district court looked, however, only to Allan Gray's affidavit, stating that no position for which Mitchell was qualified was available in Chicago at the time of his termination, and Mitchell's affidavit, stating that such positions were open. The court then held that Mitchell's affidavit did not rebut Gray's affidavit sufficiently to avoid summary judgment for the Company.

There is other evidence, however, which indicates that there were positions open which would satisfy the *Verbraeken* requirement. Attached to Mitchell's affidavit is an inter-office memo dated May 16, 1988, and sent by the Company to all employees notifying them of a "Claim Adjuster Employee Referral Program." Mitchell alleges that he was qualified for the position of claim adjuster but was not offered a position. Mitchell also points to the Company's interrogatory answers and Gray's deposition in contending that a number of other positions were available for which he was qualified. Mitchell submits evidence of an employee's promotion to a senior field staff appraisal position in New York in February 1988, of vacant field staff appraisal positions in New York and Miami in April 1988, of a new field staff appraiser being hired in New York in September 1989, and of a vacant position in Chicago that the Company considered offering him but did not.

The Company responds that Mitchell has not proven that he was qualified for any jobs announced in the inter-office memo. As to the other positions Mitchell points to, the Company responds that there were no new positions, that some new employees joined the Company as a result of a merger, and that one change was a move in title and not into a vacancy.

Mitchell's evidence and the conclusory statements of the Company here are enough to create disputed issues of material fact as to whether there were other positions open when Mitchell was terminated for which he was qualified. Summary judgment was, therefore, improper on this basis.

The Company urges that even if Mitchell has sufficient evidence for a prima facie case, there is no evidence in the record that the Company's reason for eliminating Mitchell's position was pretext for discrimination. The district court's ruling was not on this basis. The summary judgment record is insufficient for us to resolve this issue.

VACATED AND REMANDED.