The People of the State of Illinois, Plaintiff-Appellee, v. Joseph Husler, Defendant-Appellant.

(No. 74-328; ▮▮▮▮▮▮▮▮▮▮▮▮

Second District (2nd Division)—December 23, 1975.

Saxon, Niznik & Peterson, of Plainfield, for appellant.

Dallas C. Ingemunson, State's Attorney, of Yorkville, for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

On August 17, 1973, a criminal complaint·was issued against defendant, charging him with the illegal use of a mobile home in violation of section 4.8 of the Kendall County Building and Zoning Ordinances. He was arrested for the violation on August 21, 1973. The ordinance in question provides that mobile homes may not be permanently parked or located on land in Kendall County and then used for dwelling purposes except in trailer parks. The ordinance does provide for 30-day temporary use of mobile homes as dwellings when a permit has been· issued by the zoning administrator.

Before the July 9, 1974, bench trial began, defendant moved to dismiss

the complaint on the basis that the ordinance under which he was charged was unconstitutionally discriminatory and restrictive. The judge denied the motion, but allowed defendant to present testimony in support of the motion for the purpose of preserving a record.

Defendant testified that he had been living in a mobile home for approximately one year. The property was zoned for agricultural use, and consisted of approximately 75 acres on which was located an old, unoccupied house which was being torn down. The mobile home was described by the defendant as being 12 feet by 50 feet. It was secured to a foundation by a series of eight concrete tie runners, four on each side of the structure. It drew running water from connections to a well on the property and was served by a septic system.

Defendant stated that he had applied for a mobile home permit which the county authorities verbally refused him. He asserted that his neighbor had a mobile home located on his (the neighbor's) property and that he had seen several other trailers in the county. He testified that he intended to build a permanent dwelling on the property as soon as the joint ownership between himself and his former wife was severed and the property divided.

George Bell, the Zoning and Building Administrator of Kendall County, called as an adverse witness, stated that although there were approximately 60 mobile homes in the county, defendant was the first and only person to be prosecuted for violation of the mobile home ordinance.

Defendant's application for a temporary trailer permit was entered into evidence. This document, which was submitted to the Building and Zoning and Planning Department of Kendall County on June 1, 1973, corroborated defendant's testimony that he intended to reside in the mobile home until the completed construction of a permanent residence. The June 7, 1973, minutes of a meeting of the Building, Zoning and Land Use Committee of Kendall County were also admitted into evidence, establishing that defendant's application was denied on that date. Regarding this application and its subsequent denial, Mr. Bell testified that neither defendant nor any person representing his interest was present at the committee meeting when the decision to deny the application was rendered. He could not recall, however, if the defendant had been notified of the meeting. He stated that he never sent the defendant notice that his application had been denied, but that defendant was notified orally of the rejection. Mr. Bell admitted that other trailer owners had had their previously secured permits renewed for one year on the basis of hardship although the ordinance in question only

allowed for 30-day renewals and there was no provision in the ordinance for granting permits on the basis of hardship.

Although the zoning ordinance provided for the establishment of mobile home parks in Kendall County, the State admitted that none were in operation at the time of the complaint against defendant.

At the close of testimony, the State moved for a directed finding on the basis of defendant's admission that he resided in the trailer. The court granted the motion and fined defendant $10 plus $21.80 in costs.

Defendant contends initially that the county lacks authority to prohibit the use of a mobile home on his property because his property is zoned for agricultural use. For support he cites the statute pertaining to the general zoning power of counties which, in pertinent part, states:

> "The powers by this Act given shall not be exercised so as to deprive the owner of any existing property of its use or maintenance for the purpose to which it is then lawfully devoted; nor shall they be exercised so as to impose regulations or require permits with respect to land used or to be used for agricultural purposes, or with respect to the erection, maintenance, repair, alteration, remodeling or extension of buildings or structures used or to be used for agricultural purposes upon such land except that such buildings or structures for agricultural purposes may be required to conform to building or set back lines * * *." Ill. Rev. Stat. 1973, ch. 34, § 3151.

■■ Defendant's reliance on this statute is misplaced for, as the statute makes clear, the county's power to require permits for buildings on agricultural land is only prohibited when the buildings are used for agricultural purposes. In this case, defendant's use of his trailer was residential in nature and, thus, the statute is applicable.

We do, however, agree with defendant's second contention that the ordinance as applied to him was unreasonable and arbitrary. One assailing the application of a zoning restriction as applied to his property has a heavy burden in overcoming the presumptive validity of the restriction. (*Village of Cahokia v. Wright*, 57 Ill.2d 166, 168 (1974); *La Salle National Bank v. City of Evanston*, 57 Ill.2d 415, 428 (1974).) We find, on the facts of this case, the defendant has met that burden.

The Kendall County ordinance restricts the residential use of mobile homes, except for temporary lodging not to exceed 30 days, to lawfully established mobile home parks. (Kendall County Zoning Ordinance, § 4.8(1)(2).) Although restrictions of this type are generally found to be reasonable (*Village of Cahokia v. Wright*, 57 Ill.2d 166, 168-70 (1974); see also *Rezler v. Village of Riverside*, 28 Ill.2d 142, 148-49

(1963)), it was here conceded by the county that there are no mobile home parks in Kendall County. The Illinois legislature has found mobile homes to be a necessary and valuable form of residence to alleviate the housing shortage. (See Ill. Rev. Stat. 1973, ch. 111½, § 711.) We do not believe that defendant should be denied use of such temporary housing on his own property during construction of a new home particularly when the mobile home is located on approximately 75 acres and has adequate plumbing and water. There is nothing in this record to suggest that defendant's temporary use of a mobile home on his own property will disrupt the uses on other nearby properties.

■■ Application of the ordinance in the instant case is additionally unreasonable in that the zoning administrator testified that although there were 60 other mobile homes in the county, defendant was the first and only person prosecuted for violation of the mobile home restriction and he admitted that the county had, for reasons not sanctioned by the terms of the ordinance, issued temporary mobile home permits to several applicants for periods exceeding the ordinance's 30-day limit. Selective enforcement is generally not a defense to zoning violations. (*Village of Riverside v. Kuhne*, 335 Ill.App. 547, 562 (1948).) Here, however, the county not only allowed selective enforcement, but additionally disregarded the restrictions and limitations of its ordinance.

We conclude that the ordinance as applied to defendant was unreasonable and arbitrary and we, thus, reverse his conviction.

Reversed.

RECHENMACHER, P. J., and DIXON, J., concur.