THE COUNTY OF KENDALL, Plaintiff-Appellee, *v.* JOSEPH HUSLER, Defendant-Appellant.

Second District (2nd Division)   No. 75-386

Opinion filed January 10, 1977.

Saxon, Niznik & Peterson, of Plainfield, for appellant.

Dallas Ingemunson, State's Attorney, of Yorkville, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant appeals from the judgment of the circuit court of Kendall County granting a mandatory injunction which required the defendant to remove his mobile home from his farm premises. The basis of the injunction was that the defendant was in violation of the Kendall County Zoning Ordinance prohibiting the maintenance of his mobile home at the farm location.

For a better understanding of the issues involved in this appeal it may be helpful to relate at this point the factual background and the developments preceding the order appealed from.

Joseph Husler inherited the farm in question consisting of about 74 acres from his parents. After their death he married and began the construction of a new dwelling on the farm, inasmuch as the original farm dwelling was felt to be inadequate. Shortly after he began construction of the new house he and his wife were divorced. By the terms of the divorce decree it appears that the property remained in joint tenancy and the divorce decree prohibited either party from increasing the indebtedness on the land without the consent of the other. By reason of this Husler ceased construction of the new dwelling. After the divorce Husler remarried but, he testified, due to the restrictions in the divorce decree and the failure to resolve the question of ownership of the new house, he did not complete the house but instead bought a mobile home, placed it

on the farm premises and occupied it as his home, together with his second wife and her minor daughter by a previous marriage. He connected the mobile home by pipes to a well on the farm and also installed a septic system for sanitary purposes. Husler testified that at the time he bought the mobile home and began using it as his abode he applied for a permit to use the mobile home (June 1, 1973) and this was denied by the county zoning administrator on his own initiative at the time the application was made. At that time the Kendall County Zoning Ordinance prohibited the parking of a mobile home in any district, except for 30 days, by special permission. However, while the ordinance did not permit use of a mobile home for residential purposes, some exceptions had been made under "guide lines" set up by the County Zoning Committee whereby a number of residents of the county were occupying mobile homes in agricultural zoning districts. These guidelines were apparently the same as the exceptions later enacted into law by an amendment to the zoning ordinance which was passed July 9, 1974, and which provided two exceptions for mobile home occupancy, being:

"a. Hardship—when the occupant of the mobile home or travel trailer has an extreme financial or physical hardship, * * *

b. Agricultural—when the occupant of the trailer is substantially engaged in the business of agriculture. Said permit to be issued on a year to year basis."

On August 17, 1973, following the refusal to grant him a permit for his mobile home occupancy, Husler was charged with violating the Kendall County Zoning Ordinance. No immediate action followed; however, on July 9, 1974, Husler was found guilty of the aforesaid charge and was fined $10 and costs.

Husler appealed his conviction on the ground that the ordinance in question was unconstitutionally discriminatory and restrictive as applied to him in his situation.

On the same day (July 9, 1974) on which the defendant was convicted of violating the old zoning ordinance, the County Board amended the old ordinance and, in effect, regularized the prevailing practice of granting exceptions to the prohibitions against the occupancy of mobile homes in agricultural districts, by providing that mobile homes might be occupied for "lodging purposes" on approval of a permit issued on a one-year basis when the occupant has an extreme physical or financial hardship or when the occupant is substantially engaged in the business of agriculture.

On July 13, 1974, four days after his conviction for violating the old zoning ordinance, Husler again applied for a permit to occupy the mobile home. No action was taken on this application and apparently no official decision was ever rendered on it, but approximately two weeks later—on August 1, 1974—the present complaint for mandatory injunction involved

in this appeal was filed. The injunction was granted by the circuit court on September 2, 1975.

On December 23, 1975, this court, in *People v. Husler* (1975), 34 Ill. App. 3d 977, reversed the defendant's conviction of July 9, 1974, holding that the mobile home provisions of the zoning ordinance had been applied *as to the defendant* in an arbitrary and unreasonable manner. The prohibition against mobile homes was not held to be unconstitutional *per se* and, indeed, the validity of similar provisions enacted by other municipalities was recognized in the opinion. (See *Village of Cahokia v. Wright* (1974), 57 Ill.2d 166.) We pointed out, however, that in this case not only had the ordinance been applied selectively (the defendant being the only person ever having been charged in a criminal complaint with such a violation) but had been applied contrary to the limitations and restrictions of the ordinance itself.

While the same parties and the same facts are involved in this case as were dealt with in the previous opinion, there are two differences—(1) the present case arises out of a complaint for mandatory injunction rather than a criminal charge and (2) the zoning ordinance has in the meantime actually been amended to provide two exceptions to the prohibition against mobile home occupancy—that is, hardship of a physical or financial nature and cases where the occupant of the trailer "is substantially engaged in the business of agriculture. Said permit to be issued on a year to year basis." Thus, if the defendant could qualify for one of the two exceptions he would be entitled to a permit on a year-to-year basis as a matter of right under the amended ordinance, whereas under the previous ordinance the decision as to the persons entitled to the exception was purely at the discretion of the County Board, a discretion apparently more or less delegated to the County Zoning Administrator.

In our opinion, the testimony at the hearing on the injunction established that the defendant was substantially engaged in the business of agriculture. He testified that the land he was living on was being farmed by custom farmers, that he received certain proceeds from such custom farming, that it was necessary for him to account for the farm income to his former wife under the divorce decree and to account for his share on his income tax returns. Also, he paid for or authorized the purchases for farming supplies and equipment and he oversaw the farming operation and had discussions from time to time with the two farmers who were farming the land as to when the plowing was to be done, when the planting was to be done, what should be planted, what fertilizer to use, what type of seed beans to use and so forth. This testimony was not disputed and on the basis of such facts we see no reason to doubt the defendant was substantially engaged in the business of agriculture. Based on the agricultural exception a denial of a permit to

him would seem to us to be arbitrary and unjust. It is true that the defendant is employed at a regular job in nearby Lockport but the undisputed testimony of the defendant nevertheless indicates he is substantially engaged in agriculture.

The defendant applied for a temporary permit to occupy his mobile home on his farm premises on July 13, 1974. Apparently this application has never been considered or acted upon. We think he was entitled to have his application acted upon favorably under the facts before us. That being so, the mandatory injunction should not have been granted.

The judgment of the circuit court of Kendall County is reversed with instructions to dissolve the mandatory injunction issued September 2, 1975.

Judgment reversed with instructions.

GUILD, P. J., and SEIDENFELD, J., concur.