Melvin D. REUBER, Appellant,

v.

UNITED STATES of America, et al.

No. 85–5698.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 11, 1986.

Decided March 28, 1986.

Appeal from the United States District Court for the District of Columbia (Civil Action No. 81–01857).

Raymond D. Battocchi, with whom Walter H. Fleischer and Alfred F. Belcuore, Washington, D.C., were on brief for appellant.

Frances E. Kanterman, with whom Leonard E. Cohen, Baltimore, Md., was on brief for appellees.

Before ROBINSON, Chief Judge, and MIKVA and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Plaintiff-appellant Melvin D. Reuber commenced this once sprawling multi-defendant action in August 1981. In April 1985, the district court entered a final judgment dismissing the complaint as to the last remaining defendant, Litton Industries, Inc. (Litton), for lack of personal jurisdiction. The district court appraised the record in light of the general rule that once a defendant timely asserts the absence of personal jurisdiction, the plaintiff has the burden to prove that jurisdiction is properly exercised. *See, e.g., Reuber v. United States,* 750 F.2d 1039, 1052 (D.C.Cir.1984); 2A MOORE'S FEDERAL PRACTICE ¶ 12.07[2.–2], at 12–55 (2d ed. 1985); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1351, at 565 (1969). Because the record demonstrates that the district court ruled correctly, we affirm.

The complaint in this case stems from events occurring in Maryland. Reuber is a Maryland resident formerly employed as a research pathologist at a Maryland facility operated by Litton Bionetics, Inc. (Bionetics). While so engaged, Reuber received a reprimand letter from a Bionetics official. That harsh letter gave rise to this lawsuit and others.

By the time of the ruling now on appeal, the principal situs of the claims Reuber initially stated in the District of Columbia had shifted to the United States District Court for the District of Maryland. Only

two defendants remained here, Litton and Bionetics. In a portion of the district court's April 1985 disposition not challenged on appeal, the claims against Bionetics were transferred to the Maryland forum.

The claims against Litton, however, could not be transferred to Maryland. Reuber had conceded that personal jurisdiction over Litton could not be obtained, as an initial matter, in Maryland. Under the governing precedent, the district court was therefore powerless to add Litton to the array of defendants facing Reuber in Maryland. *See Hoffman v. Blaski*, 363 U.S. 335, 342–44, 80 S.Ct. 1084, 1088–90, 4 L.Ed.2d 1254 (1960) (transfer authorized only to a forum in which both personal jurisdiction and venue requirements can be met without regard to defendant's consent).

Early in this litigation, in September 1981, Litton moved to dismiss on multiple grounds, including lack of personal jurisdiction. In the first half of 1982, the district court allowed Reuber to pursue discovery in aid of his endeavor to show that personal jurisdiction could be exercised, and venue laid, as to Litton in the District of Columbia. Reuber served a comprehensive set of interrogatories on Litton in June 1982. Litton returned answers and objections in July. For some time thereafter, the district court and, subsequently, a panel of our court addressed the fundamental threshold question in the case—whether subject matter (federal question) jurisdiction existed as to Reuber's claims against Litton and Bionetics. The district court held that subject matter jurisdiction did not exist. We reversed, holding that it did. *United States v. Reuber, supra,* 750 F.2d at 1053–63. At the same time, we upheld the district court's rulings that the claims Reuber had asserted against individual de-

fendants could not be maintained in the District of Columbia because personal jurisdiction was absent, *id.* at 1052, and venue was improper. *Id.* at 1053.

Upon our remand of the case, in February 1985, Litton and Bionetics renewed their pleas in the district court regarding lack of personal jurisdiction and improper venue. Those renewed objections led to transfer of the action against Bionetics and dismissal of the complaint as to Litton.

Reuber had attempted to establish either "all purpose" jurisdiction against Litton under D.C.Code § 13–334(a) (1981) ("doing business") or "long-arm" jurisdiction under D.C.Code § 13–423(a)(4) (1981 & 1985 Supp.) (act outside the District causing tortious injury within it, coupled with a "persistent course of conduct" here). *See generally Donahue v. F.E.A.T.*, 652 F.2d 1032, 1036–38 (D.C.Cir.1981) (discussing Supreme Court guidelines for assertion of personal jurisdiction over nonresident corporation). Reuber's proof, however, was thin. He sought an evidentiary hearing and, after the midnight hour, a stay of the district court's ruling so that he could move to compel answers to interrogatories more complete than the responses Litton had given him in July 1982.

The district court denied these requests. Reuber, the district judge said, had been afforded ample time, commencing early in 1982, to engage in discovery. Cause for continuance had not been shown, nor had Reuber come forward with anything that warranted a hearing. Reuber had not uncovered persuasive evidence of Litton's non-governmental connections with the District,[1] nor had he demonstrated solid justification for refusing to recognize the corporate separateness of Litton and its subsidiaries.[2]

---

**1.** *See Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc.*, 355 A.2d 808, 813 (D.C.1976) (en banc), *quoted in Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 786 (D.C.Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984) (D.C. cannot assert personal jurisdiction over non-residents whose sole contact with District "consists

of dealing with a federal instrumentality"); *Investment Co. Institute v. United States*, 550 F.Supp. 1213, 1216–17 (D.D.C.1982) (same).

**2.** *See I.A.M. National Pension Fund, Benefit Plan A v. Wakefield Industries, Inc.*, 699 F.2d 1254, 1258–59 (D.C.Cir.1983).

On appeal, Reuber repeats the argument he made in the district court that activities of Litton's "divisions and subsidiaries" in the District provided a basis for maintenance of the action here. Had Litton adequately answered his 1982 interrogatories, Reuber insists, the requisite connections would have been revealed with sufficient clarity to withstand a motion to dismiss. But it was incumbent upon Reuber to move to compel further discovery responses with reasonable dispatch. *See Price v. Maryland Casualty Co.*, 561 F.2d 609, 611–12 (5th Cir.1977). Given Reuber's inordinate delay in pursuing the matter, it was hardly unreasonable for the district court to call time on the fragment of his case still lodged in this District. *See Naartex Consulting Corp., v. Watt*, 722 F.2d 779, 788 (D.C.Cir.1983), *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984).

For the reasons stated, the judgment of the district court is

*Affirmed.*